EasternDis'c
Feb'ary, 1827

DORSEY
*vs*
HIS CREDI-
TORS.

---

## BOWMAN vs FLOWER.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The presiding judge of the court being connected by affinity with one of the parties, declined trying it. The other judges by whom the cause was heard, being divided in their opinion, no judgment could be pronounced.

An application is now made by the appel-

When one of the judges of the supreme court is unable to sit in a cause and the other two differ in opinion, no judgment can be rendered, nor is that of the court below affirmed by the failure to reverse.

lee to have the judgment affirmed on the ground that as there is not a majority of this tribunal willing to reverse the decree of the court of the first instance, it remains with the same force and effect as if no appeal had been taken.

We are both of opinion the demand cannot be acceded to. The application is, it is true, supported by the usage in common law countries on a writ of error, where nothing is drawn into examination, but matters of law, and where, as the counsel has correctly said, the question put is, "shall the judgment of the court below be reversed." But in this state the appeal opens the whole cause on the merits, and the question with us is not whether the judgment below shall be reversed, but whether the plaintiff shall recover or not.

The act of 1825, which provides that on the judges recusing themselves, the judgment of the court below shall be provisionally executed, is a clear expression of legislative opinion, that such an act was necessary, and that without it an appeal pending in the court which could not be tried, would neither affirm the judgment below nor enable the appellee to execute it. We have been unable to find any thing in our law

which will authorise us to say, that a less number than a majority of the court, can pronounce judgment for or against either of the parties; and we think that until that is done, the judgment below, which is opened by the appeal, remains so, and cannot have the force of *res judicata*.

The legislature has only provided for the judgment below being provisionally executed in two cases—an appeal without security, and the judges recusing themselves. We cannot extend it to a third.

The rule must be, therefore, discharged.

*Watts & Lobdell* for the plaintiff, *Woodroof* for the defendants.